IN THE MATTER OF THE APPLICATION FOR THE RE-MOVAL TO AND CONFINEMENT IN THE BRATTLE-BORO RETREAT AT BRATTLEBORO, VERMONT, OF ALLAN EGGERS, AN ALLEGED INSANE PERSON, COM-MITTED TO CARRIER CLINIC, BELLE MEAD, NEW JERSEY.

Juvenile and Domestic Relations Court
Morris County

Decided September 29, 1960.

*Mr. Stuart A. Young, Jr.,* attorney for the applicant, Grace M. Eggers, guardian.

*Mr. John B. Applegate,* attorney for Allan Eggers.

MILLS, J. C. C. Grace M. Eggers, guardian for Allan Eggers, a mental incompetent, made application to this court seeking an order authorizing the removal of said Allan Eggers from Carrier Clinic, Belle Mead, New Jersey, to the Brattleboro Retreat, Brattleboro, Vermont, and for costs and counsel fees.

There is no dispute concerning the facts. A judgment was entered March 15, 1960 in the Chancery Division of the Superior Court of New Jersey, adjudging said Allan Eggers a mental incompetent and appointing his wife, Grace M. Eggers, guardian of his person and estate. Letters of

guardianship were issued and a bond entered in the Superior Court of New Jersey in the sum of $800,000.

On March 22, 1960 the Juvenile and Domestic Relations Court of Morris County entered a final order of commitment of said Allan Eggers to Carrier Clinic, Belle Mead, New Jersey; a private institution for the treatment of insanity. The order provided commitment to Carrier Clinic until cured or restored to health or until further order of a court of competent jurisdiction. Allan Eggers is confined to the Carrier Clinic and his care and maintenance are chargeable to his said wife at the prevailing private rate.

· Applicant alleges that it is for the best interest of Allan Eggers to be so transferred as the doctors at Carrier Clinic believe it does not have the facilities to care for him in a relatively small institution. Applicant states that Brattleboro Retreat is prepared to admit him upon "physical and mental tests" and "the certification of two Vermont physicians that he is a proper person for admission to the institution." The cost of a private room and board at Brattleboro Retreat is $105 per week, as compared to $168 per week at Carrier Clinic.

Before the hearing on this application it was suggested by the court that notice of a hearing be served upon Allan Eggers, Carrier Clinic and the County Adjustor of Morris County. Notice was served and a hearing held. No testimony was taken. The matter was argued on the application and affidavit of Mrs. Eggers attached thereto. It was represented to the court that Allan Eggers was opposed to the transfer.

Counsel for the applicant could cite no precedent case or statute authorizing such transfer. Neither has the court in its research found such authority.

Applicant relies upon authorities cited in 44 *C. J. S. Insane Persons* §§ 59–60, *p.* 159 *et seq.* It is argued that in a proper case this court may direct such removal, and where a patient is capable of expressing preference this inclination should be accorded some weight. It was also

suggested at the hearing that the Interstate Compact on Mental Health might be invoked since the Brattleboro Retreat indicates the willingness to accept Allan Eggers as a patient.

■■ An examination of this act quickly discloses that it is not applicable. See *N. J. S. A.* 30:7B–1 *et seq.* It was conceded that Vermont is not a "party state" to this compact. No private institution is authorized to act for a state not a party. Further, the compact administrator appointed by New Jersey has not given his consent and, of course, no administrator of Vermont is qualified to receive such a patient. Likewise, there is no clinical determination before the court indicating that the care and treatment of the patient would be facilitated or improved by the transfer.

Carrier Clinic is a private institution authorized by license from the Department of Institutions and Agencies to receive and care for mental patients committed to it. By virtue of such license, Carrier Clinic is under the same provisions which control public institutions for commitment of the insane under *article 3, chapter* 4 of *Title* 30 of the *Revised Statutes*. See *N. J. S. A.* 30:11–10. Commitment under said *article* 3 must be in institutions of this State.

If such transfer were granted, this court and any other court of competent jurisdiction of New Jersey would lose all control over the person of Allan Eggers, and if it was determined in the future that he was cured or restored to health, judgment of a New Jersey tribunal could not be enforced in Vermont.

■ The commitment, care and treatment of a mentally incompetent being statutory and no statute authorizing such transfer, it must be denied.

No cost and counsel fees will be allowed.